1  **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   Gilberto P. Ayala,                    )    No. 11-CV-1424-PHX-PGR (LOA)
                                          )
10              Petitioner,               )
                                          )
11  v.                                    )         **ORDER**
                                          )
12  Charles L. Ryan, et. al.,             )
                                          )
13              Respondents.              )
    _____  )

14

15        Before the Court is the Report and Recommendation of Magistrate Judge Anderson

16  (Doc. 16), which addresses Petitioner's Petition for Writ of Habeas Corpus, filed on July 18,

17  2011, pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed objections to the Report and

18  Recommendation. (Doc. 20.)

19        Magistrate Judge Anderson recommends that the habeas petition be denied and

20  dismissed with prejudice because Petitioner failed to make a substantial showing of the

21  denial of a constitutional right. Specifically, Magistrate Judge Anderson found that

22  Petitioner's claims of ineffective assistance of trial and appellate counsel failed to satisfy the

23  burdens imposed by the AEDPA, 28 U.S.C. § 2254(d), and *Strickland v. Washington*, 466

24  U.S. 668 (1984).

25        Having reviewed the matter *de novo* in light of Petitioner's objections, the Court will

26  adopt the Report and Recommendation, deny the habeas petition, and dismiss the action.

27                              **BACKGROUND**

28        On August 24, 2005, Petitioner was indicted in the Arizona Superior Court, Maricopa

County, on a charge of second-degree murder, a Class 1 felony and domestic violence

offense, based on the July 24, 2005, death of his wife. The case proceeded to trial. On March 15, 2006, Petitioner was convicted of the lesser included offense of reckless manslaughter. Petitioner waived his right to a jury determination of aggravating factors and admitted that the victim's family suffered emotional harm. On June 9, 2006, the trial court found an additional aggravating factor—that the domestic violence occurred in the presence of children—and sentenced Petitioner to a 15-year term of imprisonment

On June 12, 2006, Petitioner filed a notice of appeal. Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1969), advising the court that counsel could find no arguable legal issues to raise on appeal, and requesting that the appellate court review the record for fundamental error and that Petitioner be permitted leave to file a *pro se* brief. Although Petitioner was granted leave to do so, he did not file a supplemental brief. On October 2, 2007, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. Petitioner did not seek review in the Arizona Supreme Court.

On January 4, 2008, Petitioner filed a notice of postconviction relief in the trial court and subsequently filed a supporting petition. On October 1, 2008, the court denied relief. On November 5, 2008, Petitioner sought review of the denial of his petition for postconviction relief. On December 30, 2009, the Arizona Court of Appeals denied review. On May 20, 2010, the Arizona Supreme Court denied review.

On July 18, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1.) In his Report and Recommendation, Magistrate Judge Anderson rejected Respondents' argument that the petition should be dismissed as untimely, and proceeded to consider Petitioner's claims on the merits.

## DISCUSSION

For claims that have been adjudicated on the merits in state court, federal habeas relief is not available unless the petitioner shows that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the state court record. *See* 28 U.S.C. § 2254(d).

The controlling federal law governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668. Under *Strickland*, a petitioner must show that counsel's performance was objectively deficient and that the deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. To show prejudice, the petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is difficult, because both standards are "highly deferential," and because *Strickland's* general standard has a wide range of reasonable applications. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011); *see Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (noting "doubly deferential" judicial review applicable to *Strickland* claims under AEDPA).

**1.     Ineffective Assistance of Trial Counsel**

Petitioner claims that trial counsel was ineffective for failing to advise him that waiving his right to a jury determination of aggravating factors would lower the burden of proof for those factors and could result in the loss of Petitioner's ability to challenge an increase in his sentence. (Doc. 1 at 6.) The trial court on postconviction review rejected this claim. (Doc. 10, Ex. G.) Magistrate Judge Anderson found that the state court's ruling was neither contrary to nor an unreasonable application of *Strickland*. (Doc. 16 at 10.) Petitioner objects to Magistrate Judge Anderson's findings, maintaining that, due to trial counsel's ineffectiveness, his *Blakely* waiver was involuntary. (Doc. 20 at 16, 19.)

A jury found Petitioner guilty of reckless manslaughter based on evidence that he "had beaten his wife to unconsciousness in their . . . home and in the presence of their three young children. He then carried his unconscious wife and directed his children into the family car. [Petitioner] then drove his dying wife and children to California." (*See* Doc. 10, Ex. G.) Following the verdict, the State moved for a hearing pursuant to *Blakely v. Washington*, 542

1   U.S. 296 (2004), to establish emotional harm to the children as an aggravating factor. (Doc.

2   1, Ex. 1 at 22–23.) To avoid having to call his children as witnesses, Petitioner waived a jury

3   for this issue. (*Id*.)

4        On post-conviction review, the court found that the trial court had engaged "in a full

5   *Boykin* [*v. Alabama*, 395 U.S. 238 (1969)] colloquy, where [Petitioner] knowingly,

6   intelligently, and voluntarily waived *Blakely* rights." (Doc. 10, Ex. G at 2.) The court also

7   noted that the trial court had "found the aggravating factor of emotional harm to the children

8   . . . on a proof standard beyond a reasonable doubt." (*Id.*) The postconviction court concluded

9   that, because the trial court found the aggravating factor was proved beyond a reasonable

10  doubt, trial counsel was not ineffective for failing to advise Petitioner that waiving his

11  *Blakely* right to have a jury determination of aggravating factors would result in the

12  application of a lower standard of proof to determine those factors.

13       The record reflects that the trial court advised Petitioner of his right to have a jury

14  determine aggravating factors beyond a reasonable doubt, including the alleged factor that

15  the victim's family suffered emotional harm. (Doc. 1, Ex. 1 at 28–31.) The trial court further

16  explained that the State would be "obliged to present evidence, witnesses, on that issue," and

17  that defense counsel "would have the right to cross-examine witnesses." (*Id.* at 29.) Petitioner

18  stated that he understood and voluntarily agreed to waive those rights. (*Id.* at 29-30.) He also

19  stated that he understood he could receive a sentence of up to 21 years in prison. (*Id.* at 30.)

20       Based on its *de novo* review of the record, the Court agrees with Magistrate Judge

21  Anderson that Petitioner has not shown that the postconviction court's rejection of this claim

22  of ineffective assistance of trial counsel was contrary to or based on a unreasonable

23  application of *Strickland*, or based on an unreasonable determination of the facts. *See* 28

24  U.S.C. § 2254(d).

25       Petitioner further argues that had trial counsel informed him that waiving his *Blakely*

26  rights would preclude him from challenging his sentence on appeal, he would have insisted

27  on a jury determination of aggravating factors. (Doc. 1 at 6.) The postconviction court

28

rejected this argument, finding it "belied by [Petitioner's] statements to this Court in the colloquy that completely covered the nature and scope of his understanding of the waiver." (Doc. 10, Ex. G at 3.) The court also noted that it had found the waiver itself to be a mitigating circumstance. (*Id.*)

In his Report and Recommendation, Magistrate Judge Anderson found that the postconviction court's ruling was neither contrary to nor an unreasonable application of *Strickland*. This Court agrees. Petitioner failed to show that trial counsel's performance was either deficient or prejudicial. (Doc. 16 at 12.) As Magistrate Judge Anderson explained, the Supreme Court has not articulated a Sixth Amendment right to advice from counsel regarding every possible consequence in the appellate process. *See Filaggi v. Bagley*, 445 F.3d 851, 856 (6th Cir. 2006). Further, Petitioner was not prejudiced, even assuming he received inadequate advice from counsel, because the trial court advised Petitioner of the consequences of his *Blakely* waiver and because the court found the waiver constituted a mitigating circumstance. (*See* Doc. 1, Ex. 1 at 44–45.)

**2.    Ineffective Assistance of Appellate Counsel**

Petitioner claims that appellate counsel was ineffective for failing to appeal trial counsel's failure to present certain mitigating evidence. (Doc. 1 at 7–9.) Petitioner presented these claims on postconviction review and the trial court rejected them, noting that, contrary to Petitioner's assertion, trial counsel did proffer the mitigating evidence "but the trial court precluded it." (Doc. 10, Ex. G at 3.) The postconviction court further explained that the evidence at trial was such that the court "did not find [Petitioner's] claim that the victim's past rendered her deserving of her fate relevant," and "would not have found [Petitioner's] voluntary impairment material enough to lower his sentence from the 15 years imposed." (*Id.*) The postconviction court found, therefore, that Petitioner failed to satisfy either prong of the *Strickland* test with respect to appellate counsel's performance in failing to challenge trial counsel's performance. (*Id.*)

Magistrate Judge Anderson found that the state court's ruling did not entitle Petitioner

to relief under § 2254(d). (Doc. 16 at 13.) The record supports this conclusion. Trial counsel proffered the mitigating evidence. (*See* Doc. 1, Ex. 1 at 81.) The trial court, however, rejected it, stating that "I don't believe that [the victim's] past drug abuse or abuse was relevant to sentencing [because] there didn't seem to be any drug issues related to the trial." (*Id.*) Appellate counsel was not ineffective for failing to argue that trial counsel had not presented certain mitigating evidence, when in fact counsel did offer the evidence, and when, on postconviction review, the state court found the evidence would not have changed the court's sentencing decision.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Anderson's Report and Recommendation (Doc. 16) is **ACCEPTED** and **ADOPTED** by the Court.

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** and **DENIED** with prejudice. (Doc. 1.)

IT IS FURTHER ORDERED **DENYING** a Certificate of Appealability and **DENYING** leave to proceed *in forma pauperis* on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED **DENYING** as moot Petitioner's motions for extensions of the deadline for responding to the Report and Recommendation. (Docs. 17, 18, and 19.)

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 30th day of October, 2012.

Paul G. Rosenblatt
United States District Judge